OPINION OF THE COURT
Memorandum.
Ordered that the order entered January 28, 2013, insofar as appealed from, is reversed, without costs, upon reargument, plaintiff’s motion to set aside the sua sponte determination dated March 6, 2012 dismissing the complaint without prejudice is granted, and the matter is remitted to the Civil Court for a new trial. In 2011, plaintiff commenced this action against defendant, his former tenant, to recover the sum of $17,300, representing rent and the cost of repairs to the premises. During the trial of this action, the Civil Court learned that, in 2009, plaintiff had commenced a pro se holdover summary proceeding to recover possession of the apartment occupied by defendant, whose month-to-month tenancy had been terminated following the nonpayment of several months’ rent; that defendant, represented by counsel, had filed an answer in that proceeding; that, after several adjournments, the matter had been calendared for trial on December 22, 2009, plaintiff by then having retained counsel; but that no trial had taken place. According to the Civil Court’s sua sponte determination dated March 6, 2012 (34 Misc 3d 1241[A], 2012 NY Slip Op 50490[U] [Civ Ct, Richmond County 2012]), the only record of what had occurred in the summary proceeding on December 22, 2009 was the Housing Part’s computer record, which indicated that the summary proceeding had been “withdrawn.” Opining that the summary proceeding should have been “discontinued,” and that “withdrawn,” is not a proper marking for a trial-ready case, the Civil Court, sua sponte, dismissed the complaint without prejudice on the ground that the summary proceeding, seeking, in part, the same relief as was being sought in the instant action, remained pending, as it had never properly been discontinued pursuant to CPLR 3217.
*15 Plaintiff subsequently moved to vacate the March 6, 2012 sua sponte determination dismissing the complaint and to restore the action to the trial calendar. By order dated June 8, 2012, the Civil Court denied the motion. Plaintiff thereafter moved, in effect, for leave to reargue, and, upon reargument, to vacate the March 6, 2012 determination dismissing the complaint and to restore the action to the trial calender. In an order entered January 28, 2013, the Civil Court, in effect, granted reargument and, upon reargument, adhered to the prior determination.
In our view, the Civil Court erred in stopping the trial and dismissing this action based on the doctrine of prior proceeding pending as defendant did not raise this defense in his answer or by pre-answer motion to dismiss, or at any other time prior to or during the trial, and thus waived the defense (see CPLR 3018 [b]; 3211 [e]; Pueblo Med. Treatment, P.C. v State Farm Mut. Ins. Co., 12 Misc 3d 147[A], 2006 NY Slip Op 51553[U] [App Term, 1st Dept 2006]). In any event, contrary to the Civil Court’s conclusion as to the purported pendency of the prior summary proceeding, the clerk’s marking the case “withdrawn” was, in the circumstances presented, the procedural equivalent of a discontinuance.
Accordingly, the order entered January 28, 2013, insofar as appealed from, is reversed, upon reargument, plaintiff’s motion to set aside the sua sponte determination dismissing the complaint without prejudice is granted, and the matter is remitted to the Civil Court for a new trial.
Weston, J.P., Aliotta and Elliot, JJ., concur.